IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

FILED

OCT 23 1998

ROBERT D. DENNIS, CLERK
U.S. DIST. COURT, WESTERN DIST. OF OKLA.
BY _____, DEPUTY

DOCKETED

JOSEPH CARL KOLCUN, et al.,   )
                              )
           Plaintiffs,        )
                              )
vs.                           )   CIV-98-157-C
                              )
RUSSELL DEAR, et al.,         )
                              )
           Defendants.        )

REPORT AND RECOMMENDATION

Plaintiffs Kolcun and Hurdsman bring this civil rights action pursuant to 42 U.S.C. §1983 seeking compensatory and punitive damages as well as equitable relief from fourteen named Defendants identified as officials and employees of the Oklahoma County Detention Center. The matter has been referred to the undersigned Magistrate Judge for initial proceedings in accordance with 28 U.S.C. §636(b)(1)(B). In lieu of a response to the Complaint, Defendants have moved to dismiss the cause of action under Rule 12(b)(6), Fed.R.Civ.P. Plaintiff Kolcun's response to the Motion to Dismiss was stricken for lack of compliance with local court rules, and Plaintiff Hurdsman has failed to respond to the Motion to Dismiss.[1] Neither of the Plaintiffs has sought an extension of time to respond. Accordingly, the Defendants' motion is deemed confessed pursuant to LCvR 7.1(e).

Moreover, assuming the truth of Plaintiffs' well-pleaded factual contentions contained

---

[1] Although Plaintiff Hurdsman was not joined in the lawsuit until September 16, 1998, when Plaintiff Kolcun's Motion for Joinder of Persons (Doc. #7) was granted, the certificate of service of the Defendants' Motion to Dismiss reflects that Plaintiff Hurdsman was mailed a copy of the motion on May 15, 1998.

1

in the Amended Complaint, Plaintiffs have failed to state a claim for relief under 42 U.S.C. §1983 and Defendants' Motion to Dismiss should be granted. See Hall v. Bellmon, 935 F.2d 1106, 1110-1111 (10th Cir. 1991) (in analyzing sufficiency of complaint under Rule 12(b)(6), only well-pleaded factual allegations are accepted as true, not conclusory allegations).

A complaint is subject to dismissal under Rule 12(b)(6), Fed.R.Civ.P., for failure to state a claim for relief only if "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Id. at 1109 (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). In reviewing the sufficiency of a complaint under Rule 12(b)(6), the court must presume all of the plaintiff's well-pleaded factual allegations are true and construe them in the light most favorable to the plaintiff. Id. at 1109, 1110. However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." Id. at 1110.

The record reflects that Plaintiffs have been transferred to other correctional facilities since their Amended Complaint was filed and Plaintiffs are no longer incarcerated in the Oklahoma County Detention Center. Hence, their claims for injunctive relief are moot and should be dismissed. See Green v. Branson, 108 F.3d 1296, 1300 (10th Cir. 1997); Jenkins v. McBride, Case Nos. 94-3195, 3197, 3198, 3199, 3248, and 3260, 1995 WL 257842 (10th Cir. May 2, 1995) (unpublished opinion cited as persuasive authority pursuant to 10th Cir.R.36.3). In addition, Plaintiffs no longer have standing to request declaratory relief. Martinez v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985). Thus, their claims for declaratory

relief should be dismissed. It is a "well-settled principle that a section 1983 claim must be based upon the violation of plaintiff's personal rights, and not the rights of someone else." Archuleta v. McShan, 897 F.2d 495, 497 (10th Cir. 1990). Therefore, Plaintiffs have failed to state a claim under §1983 for damages or equitable relief on behalf of other detainees in the Oklahoma County Detention Center, and these claims should be dismissed.

In Count One of the Amended Complaint, Plaintiffs contend that while they were detained in the Oklahoma County jail they were denied access to the courts. As factual support for this claim, Plaintiffs contend they requested and were denied access to a law library based on the jail's written policy, which provides that the Oklahoma County jail has no law library and instead provides that attorneys are given "unlimited access" to their clients, which includes legal materials that may be furnished to inmates by their lawyers. Amended Complaint, Ex. A.

"The Constitution guarantees inmates the right to adequate, effective and meaningful access to the courts." Beville v. Ednie, 74 F.3d 210, 212 (10th Cir. 1996) (internal quotations omitted). To protect this right, "prison authorities [must] assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). The constitutional right recognized in Bounds "extends to county jails." Housley v. Dodson, 41 F.3d 597, 598 (10th Cir. 1994).

Although the Tenth Circuit recognized in Bedford v. Sharp, Case No. 96-6230, 1997 WL 413166 (10th Cir. July 23, 1997) (unpublished opinion cited as persuasive authority

pursuant to 10th Cir.R.36.3), another civil rights action involving an Oklahoma County detainee, that the Oklahoma County Detention Center's policy regarding access "would hardly seem to be an adequate alternative for prisoners such as Bedford who are not represented by attorneys," the appellate court found Bedford lacked standing to allege a §1983 claim for damages based on lack of a law library in light of Lewis v. Casey, 116 S.Ct. 2174 (1996). In Lewis, the Supreme Court concluded that an inmate claiming denial of access to the courts must allege and prove "actual injury" such that the inmate's effort to pursue a legal claim was hindered. Id. at 2179-2180.

Plaintiffs' claim is that they have a right of access to a law library, but it is reasonable access to the courts, not the adequacy or even existence of a law library, that is the constitutional right recognized in Bounds and Lewis. See Counts v. Newhart, 951 F.Supp. 579, 588 (E.D.Va. 1996) ("The requirement that a jail or prison maintain a law library is ancillary to the right of reasonable access and is not a right in and of itself."). Because Plaintiffs have not alleged any specific injury as a result of the Oklahoma County jail's policy and the absence of a law library at the jail, the Plaintiffs have failed to state a §1983 claim for relief in Count One of the Amended Complaint, and this claim should be dismissed.

Plaintiffs also allege in Count One that they were "denied indigent writing materials and postage to write the courts." Plaintiffs have, however, filed extensive pleadings and documentary evidence in this case,[2] and they have failed to allege any injury as a result of

---

[2] In Plaintiffs' "Written Objections to Magistrate Judge's Order..." filed February 11, 1998 (Doc. #8), Plaintiff Hurdsman inconsistently states he has been provided with pencils and envelopes.

4

the alleged lack of "indigent writing materials and postage." Therefore, in consideration of Lewis, Plaintiffs have failed to state a §1983 claim for relief for denial of access to the courts as to the alleged failure of jail officials to provide "indigent writing materials and postage to write the courts."

In Count Two of the Amended Complaint, Plaintiffs allege that they were detained in an area with 50 cells housing 80-95 detainees and were forced to sleep on a mattress on the floor, that they have "been locked down in cells for 23-72 hours at a time" with one hour to shower, that indigent detainees were not provided soap, toilet paper, toothpaste, and shaving razors, that "Plaintiffs and other prisoners have gone without at times" clean changes of clothes for up to 14 days, that "Plaintiffs and other prisoners" were not provided cleaning supplies, and that they lived in "unsanitary and cruel conditions of confinement." Amended Complaint, at 11-12.

The Plaintiffs have not named an individual Defendant in the second claim and have alleged only that they have presented "verbal and written requests to all the above said Defendants for relief for and/or from the above said herein this Complaint...." Amended Complaint, at 13. It is well-settled law that personal participation is a necessary prerequisite to a civil rights action under 42 U.S.C. §1983. Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993); Bennett v. Passic, 545 F.2d 1260, 1262-1263 (10th Cir. 1976). However, even

---

Additionally, in Plaintiff Hurdsman's application to proceed *in forma pauperis* (Doc. #6), Plaintiff Hurdsman inconsistently states that he receives $40.00 each month from his mother which is placed in his inmate trust account.

assuming that Plaintiffs have sufficiently pled responsibility or control on the part of one or more of the Defendants, Plaintiffs have failed to allege a constitutional deprivation under 42 U.S.C. §1983.

Assuming the truth of the Plaintiffs' well-pleaded factual allegations, Plaintiffs' allegations that they were celled with another detainee and slept on a mattress on the floor do not rise to the level of a constitutional deprivation. Bell v. Wolfish, 441 U.S. 520, 541 (1978) (double-celling does not violate the due process rights of pretrial detainees); Brown v. Crawford, 906 F.2d 667, 670-672 (11th Cir. 1990) (allegation that detainee slept on mattress on floor does not state a claim of constitutional deprivation), cert. denied, 500 U.S. 933 (1991); Hamm v. DeKalb County, 774 F.2d 1567, 1575 (11th Cir. 1985) (no constitutional violation where as result of overcrowding detainee slept on mattress on floor or table), cert. denied, 475 U.S. 1096 (1986).

"[U]nder the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell, 441 U.S. at 535. Although "[d]ue process requires that an inmate not be punished," the fact that pretrial detention "interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into 'punishment.'" Id. at 537. The Court must be mindful that "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." Price v. Johnston, 334 U.S. 266, 285 (1948). Hence, "[a] detainee simply does not

possess the full range of freedom of an unincarcerated individual." Bell, 441 U.S. at 546. The Court must also be mindful that "[p]rison administrators [are] accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." Id. at 547.

In accordance with the dictates of Bell, jail officials must provide detainees with living space that has "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities (i.e., hot and cold water, light, heat, plumbing)." Robinson v. Corriveau, Case No. 95-1126, 1995 WL 736276, *2 (10th Cir. Dec. 7, 1995) (unpublished opinion cited as persuasive authority to 10th Cir.R.36.3).

The Martinez report, which is uncontroverted,[3] contains the sworn statement of Defendant Dear, the Oklahoma County jail administrator, that the jail has a policy of changing laundry every seven days but has fallen short of that goal, that pursuant to jail policy personal hygiene items such as a toothbrush and toothpaste are given to every inmate regardless of the amount of money in their trust account, that each day a cleaning cart is taken into each housing "pod" and a few individuals are selected to clean the "day room." After the day room is cleaned, detainees may use the necessary cleaning supplies on the cart to clean their cells. Motion to Dismiss, Ex. A, at 1-8.

Plaintiffs' allegations of conditions at the jail are presented in general terms as

---

[3] See McKinney v. Maynard, 952 F.2d 350, 353 n. 8 (10th Cir. 1991) (Martinez report that is uncontroverted may serve as the basis for a dismissal under Fed.R.Civ.P. 12(b)(6)).

7

applying to Plaintiffs and other unidentified detainees with no specific supporting allegations from which to determine their constitutional significance. The only reference to any date of an alleged constitutional deprivation is the allegation that the alleged conditions of confinement occurred "for days, weeks and/or months and/or at the present date...." Amended Complaint, at 11. Moreover, Plaintiffs inconsistently stated in their "Memorandum of Law" (Doc. #9) that they were housed in an area with 50 8 foot x 11 foot cells and an adjoining dayroom and shower area and that at least on and after January 10, 1998, they were allowed access to the dayroom between 2:00 p.m. and 8:30 p.m. every day. In consideration of the vagueness and inconsistency of Plaintiffs' allegations, none of the deprivations described by Plaintiffs create an inference of punishment by any individual Defendant. Plaintiffs' allegations when considered in light of the uncontroverted information contained in the <u>Martinez</u> report fail to state a claim for relief under the Due Process Clause. Therefore, Defendants' Motion to Dismiss Count Two of the Complaint should be granted.

Because Plaintiffs have failed to allege a constitutional deprivation, Defendants' Motion to Dismiss the Complaint on the ground of qualified immunity should be granted as well. <u>Christensen v. Pulsipher</u>, 143 F.3d 1299, 1309 (10th Cir. 1998) (when government official raises qualified immunity defense, Plaintiff has burden of presenting sufficient facts to show that the official's conduct violated a constitutional right). Additionally, because Plaintiffs have failed to allege that the supervised employees of the jail committed a constitutional violation, the Plaintiffs have failed to state a claim against Defendants Dear and Heitmeyer who are also sued in their official capacities as jail supervisors. <u>Taylor v.</u>

Meachum, 82 F.3d 1556, 1564 (10th Cir. 1996).

### RECOMMENDATION

In view of the foregoing findings, the undersigned recommends that Defendants' Motion to Dismiss (Doc. #49) be granted and judgment issue dismissing the cause of action for failure to state a claim for relief under 42 U.S.C. §1983. Plaintiffs are advised of their right to object to this Report and Recommendation by _November 9_, 1998, in accordance with 28 U.S.C. §636 and LCvR 72.1. Plaintiffs are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 23rd day of _October_, 1998.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE